## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **GOOGLE LLC**<br><br>                     **Petitioner,**<br><br>     **v.**<br><br>**NATIONAL LABOR<br>RELATIONS BOARD,**<br><br>                     **Respondent.** | **Case No.** ___26-1092_____ |

## PETITION FOR REVIEW

Pursuant to 29 U.S.C. § 160(f), Federal Rule of Appellate Procedure 15, and D.C. Circuit Rule 15, Petitioner Google LLC ("Google" or "Petitioner"), by and through its attorneys, hereby petitions this Court for review of the Decision and Order of the National Labor Relations Board ("NLRB") in the matter styled *Accenture d/b/a Accenture Flex and Google, LLC, as joint employers and Alphabet Workers Union – Communications Workers of America, Local 9009*, NLRB Case No. 20-CA-353557, reported at 374 NLRB No. 86, dated April 8, 2026. The Decision and Order is attached hereto as "Exhibit A."

This Court has jurisdiction in this matter pursuant to Section 10(f) of the National Labor Relations Act because the NLRB's Decision and Order is a "final order," and because Google is a party aggrieved by that final order. *See* 29 U.S.C. § 160(f). Venue is appropriate in this Court because 29 U.S.C. § 160(f) permits any

1

aggrieved party to seek review in the D.C. Circuit. *Id.* This Court should grant Google's Petition for Review and deny enforcement to the NLRB's Decision and Order because it is not supported by substantial evidence and is contrary to the law.

WHEREFORE, Petitioner respectfully requests that this Court review and set aside the Order of the NLRB finding that Petitioner violated Sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §158(a), and grant Petitioner any further relief to which it may be entitled.

DATED: April 17, 2026

Respectfully submitted,

*/s/ Matthew J. Silveira*
Aaron L. Agenbroad
Matthew J. Silveira
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Tel. (415) 875-5808
Fax (415) 875-5700
alagenbroad@jonesday.com
msilveira@jonesday.com

Justin D. Martin
JONES DAY
600 Brickell Avenue
Miami, FL 33131
Tel. (305) 714-9700
Fax (305) 714-9799
jmartin@jonesday.com

*Counsel for Petitioner Google LLC*

2

# EXHIBIT A

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**Accenture d/b/a Accenture Flex and Google, LLC, as joint employers *and* Alphabet Workers Union-Communication Workers of America Local 9009**

April 8, 2026

DECISION AND ORDER

BY CHAIRMAN MURPHY AND MEMBERS PROUTY AND MAYER

This is a refusal-to-bargain case in which Google, LLC (the Respondent) is contesting the certification of the Alphabet Workers Union-Communications Workers of America, Local 9009 (the Union) as bargaining representative in the underlying representation proceeding and a finding that the Respondent is a joint employer with Accenture d/b/a Accenture Flex (Accenture Flex), collectively referred to as the Respondents.[1]  Pursuant to a charge filed on October 24, 2024, and amended on December 20, 2024, by the Union, the Acting General Counsel issued a first amended complaint on February 18, 2025,[2] alleging that the Respondent has violated Section 8(a)(5) and (1) of the Act by failing and refusing to recognize and bargain with the Union following the Union's

certification in Case 20–RC–319743.  (Official notice is taken of the record in the representation proceeding as defined in the Board's Rules and Regulations, Sections 102.68 and 102.69(d).  *Frontier Hotel*, 265 NLRB 343 (1982)).  The Respondent filed an answer admitting in part and denying in part the allegations in the complaint and asserting affirmative defenses.

On March 19, the Acting General Counsel filed a Motion for Summary Judgment seeking an order that the Respondent bargain in good faith, on request, with the Union, extending the certification year pursuant to *Mar-Jac Poultry Co.*, 136 NLRB 785 (1962), and requiring the Respondent to post a notice to employees.  On March 25, the Board issued an Order Transferring the Proceeding to the Board and a Notice to Show Cause why the motion should not be granted.[3]  On April 8, the Respondent filed a response to the Notice to Show Cause.  On April 15, the Acting General Counsel filed a reply to the Respondent's response to the Notice to Show Cause.[4]

Ruling on Motion for Summary Judgment

The Respondent admits that it has refused to bargain but asserts that it has no duty to bargain and contests the validity of the Union's certification of representative based on its contention, raised and rejected in the underlying representation proceeding, that the Respondent is not a joint employer in this proceeding.[5]

---

[1]  The first amended complaint does not allege that Accenture Flex violated the Act; the Acting General Counsel does not seek an order or a remedy against Accenture Flex in its motion for summary judgement.

[2]  Unless otherwise specified, all dates are 2025.

[3]  The March 25, 2025 Order Transferring the Proceeding to the Board and a Notice to Show Cause was issued by the Executive Secretary pursuant to the authority of the Board.  Assuming, arguendo, that the Board lacked a quorum at the time that it issued the Notice to Show Cause, there can be no question that the Board currently has a valid quorum.  Accordingly, we hereby ratify the March 25, 2025 issuance of the Notice to Show Cause.

[4]  On April 8, the Union filed a Response to the Notice to Show Cause and Joinder in the Acting General Counsel's Motion for Summary Judgment.  On April 15, the Union filed a reply to the Respondent's response to the Notice to Show Cause.  Also on April 15, the Respondent filed a response to the Union's Joinder in the Motion for Summary Judgment.

[5]  In its answer, the Respondent denies paragraph 4 of the complaint, which states that Accenture Flex is a wholly owned subsidiary of Accenture LLP; that the Respondents have been parties to a Master Services Agreement pursuant to which Accenture Flex provides the Respondent with various services; that at all material times, the Respondent has possessed and exercised control over the labor relations policy of Accenture Flex; and that at all material times, the Respondents have been joint employers of the employees of Accenture Flex.  The Respondent denies that it is an employer of the unit employees identified in Paragraph 7(a) of the complaint.  The Respondent denies that Accenture Flex is an employer within the meaning of Sec. 2(2), (6), and (7) of the Act, although Accenture Flex admitted in its answer that it is an employer within the meaning of Sec. 2(2), (6), and (7) of the Act.  The Respondent further denies paragraph 7(g) of the complaint, which alleges that the Union has been the exclusive bargaining representative of the unit employees at all

material times, although it admits that the Regional Director of Region 20 certified the Union as the exclusive bargaining representative of the unit employees.  The Respondent also denies paragraphs 9 and 10 of the complaint, which allege that the Respondent failed and refused to bargain with the Union as the exclusive collective-bargaining representative of the unit in violation of Sec. 8(a)(5) and (1) of the Act, and that its unfair labor practices affect commerce within the meaning of Sec. 2(6) and (7) of the Act.

In its second through eighth affirmative defenses, the Respondent asserts that it had no duty to bargain with the Union in this matter because the Respondent is not a joint employer under the Act.  In its response to the instant motion for summary judgment, the Respondent asserts that the Board erred in finding that the Respondent exercised sufficient control over Accenture Flex's employees to support a finding of joint employer status.  In addition, the Respondent maintains that since the certification of representative, the Respondent no longer maintains wage or benefits standards for Accenture Flex, so a critical factor supporting the Board's finding of joint employer status is no longer accurate.  Although this change allegedly occurred in July 2024, the Respondent did not seek to reopen the record in the underlying representation proceeding or otherwise apprise the Board of the current circumstances before the Board issued its order in November 2024.

The joint employer status of the Respondents was fully litigated and resolved in the underlying representation proceeding.  The Respondent has not presented any newly discovered or previously unavailable evidence.  Evidence of changed circumstances after the time of the hearing in the underlying representation case "does not constitute newly discovered and previously unavailable evidence" within the meaning of the Board's Rules and Regulations. *East Michigan Care Corp.,* 246 NLRB 458, 459 (1979).  And the Board has long held that "in the absence of newly discovered or previously unavailable evidence or special

374 NLRB No. 86

2                    DECISIONS OF THE NATIONAL LABOR RELATIONS BOARD

All representation issues raised by the Respondent were or could have been litigated in the prior representation proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor has it established any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find that the Respondent has not raised any representation issue that is properly litigable in this unfair labor practice proceeding.[6] See *Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162 (1941). Accordingly, we grant the Motion for Summary Judgment.

On the entire record, the Board makes the following

### FINDINGS OF FACT

#### I. JURISDICTION

At all material times, the Respondent has been a Delaware limited liability company with an office and place of business in Mountain View, California, and has been a global technology company engaged in the business of providing internet-related services and products.

During the calendar year ending December 31, 2024, the Respondent, in conducting its business operations, derived gross revenues in excess of $500,000.

During the calendar year ending December 31, 2024, the Respondent, in conducting its business operations, performed services valued in excess of $50,000 in states other than the State of California.

At all material times, Accenture Flex has been a Delaware limited liability company with an office and place of business in San Francisco, California, and has been engaged in the business of providing business process services and/or developing, managing, and modifying technological solutions for clients, including the Respondent.

During the calendar year ending December 31, 2024, Accenture Flex, in conducting its business operations, performed services valued in excess of $50,000 in states other than the State of California.

At all material times, Accenture Flex has been a wholly-owned subsidiary of Accenture LLP.

At all material times, Accenture LLP and the Respondent have been parties to a Master Services Agreement (MSA) pursuant to which Accenture Flex provides the Respondent with various services.

At all material times, the Respondent has possessed and exercised control over the labor relations policy of Accenture Flex.

At all material times, Accenture Flex and the Respondent have been joint employers of the employees of Accenture Flex.

We find that at all material times, the Respondents have been joint employers engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and the Union has been a labor organization within the meaning of Section 2(5) of the Act.

#### I. ALLEGED UNFAIR LABOR PRACTICES

##### A. The Certification

Following an election conducted by mail ballot on October 10, 2023, the Regional Director issued a Certification of Representative in Case 20–RC–319743 on November 27, 2023, certifying the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit:

> All full-time and regular part-time employees working remotely in the United States in the employer's Google Content Creation Operation, including employees in the following classifications: junior writer, launch

---

circumstances a respondent in a proceeding alleging a violation of Sec. 8(a)(5) is not entitled to relitigate issues which were or could have been litigated in a prior representation proceeding." Id. The Respondent cannot relitigate the same issue that was litigated in the underlying representation proceeding. Accordingly, we conclude that the Respondent's denials of the allegations in pars. 4(b) through 4(d), 9, and 10 of the complaint and its second through eighth affirmative defenses do not raise any issues warranting a hearing.

In its ninth and tenth affirmative defenses, the Respondent asserts that the Board lacks jurisdiction over any "occurrences" that transpired more than 6 months prior to the filing of the unfair labor practice charge in this case. Although the Union's first request to bargain occurred on December 11, 2023, more than 6 months before the filing of the charge, the "Board has held that even where there was an initial request and refusal to bargain outside of the 10(b) period, a respondent's later refusal to bargain after a subsequent bargaining request made during the certification year constitutes an independent unfair labor practice for 10(b) purposes." *UPS Ground Freight, Inc.*, 366 NLRB No. 100, slip op. at 1 (2018). In its answer to the complaint, the Respondent admits that the Union requested that it recognize and bargain with the Union on October 4, and December 17, 2024, dates that are within the 10(b) period.

Finally, the Respondent pleads that the complaint fails to state a claim upon which relief can be granted, that the complaint fails because the Respondent did not violate the Act, and that the relief sought in the complaint would violate the Act, the Administrative Procedures Act, and the Constitution. The Respondent has not, however, offered any explanation or evidence to support these bare assertions. Thus, we find that these affirmative defenses are insufficient to warrant denial of the Acting General Counsel's Motion for Summary Judgment. See, e.g., *Sysco Central California, Inc.*, 371 NLRB No. 95, slip op. at 1 fn. 1 (2022); *Station GVR Acquisition, LLC d/b/a Green Valley Ranch Resort Spa Casino*, 366 NLRB No. 58, slip op. at 1 fn. 1 (2018), enfd. 949 F.3d 477 (9th Cir. 2020); *George Washington University*, 346 NLRB 155, 155 fn. 2 (2005), enfd. mem. per curiam No. 06–1012, 2006 WL 4539237 (D.C. Cir. Nov. 27, 2006); *Circus Circus Hotel*, 316 NLRB 1235, 1235 fn. 1 (1995).

[6] Chairman Murphy and Member Mayer did not participate in the underlying representation proceeding. Nevertheless, they find that the Respondent has not raised any litigable issue in this unfair labor practice proceeding and that summary judgment is appropriate, with the parties retaining their respective rights to litigate relevant issues on appeal.

ACCENTURE D/B/A ACCENTURE FLEX AND GOOGLE, LLC, AS JOINT EMPLOYERS    3

coordinator, lead writer, process excellence specialist, senior QA specialist, senior visual design analyst, senior writer, technical writer, and visual design analyst, but excluding temporary employees, seasonal employees, confidential employees, managers, guards, and supervisors as defined by the Act.

On November 22, 2024, the Board denied the Respondents' requests for review of the Regional Director's Decision and Direction of Election. The Union continues to be the exclusive collective-bargaining representative of the unit employees under Section 9(a) of the Act.

### B. Refusal to Bargain

On about December 11, 2023, and on October 4 and December 17, 2024, the Union requested that the Respondent bargain with the Union as the exclusive collective-bargaining representative of the unit. Since about October 11, 2024, and continuing to date, the Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the unit.

We find that the Respondent's conduct constitutes an unlawful failure and refusal to recognize and bargain with the Union in violation of Section 8(a)(5) and (1) of the Act.

### CONCLUSION OF LAW

By failing and refusing since about October 11, 2024, to recognize and bargain with the Union as the exclusive collective-bargaining representative of the employees in the appropriate unit, the Respondent has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(5) and (1) and Section 2(6) and (7) of the Act.

### REMEDY

Having found that the Respondent has violated Section 8(a)(5) and (1) of the Act, we shall order it to cease and desist, to bargain on request with the Union and, if an understanding is reached, to embody the understanding in a signed agreement.

To ensure that the employees are accorded the services of their selected bargaining agent for the period provided by law, we shall construe the initial period of the certification as beginning on the date the Respondent begins to bargain in good faith with the Union. *Mar-Jac Poultry Co.*, 136 NLRB 785 (1962); accord *Burnett Construction Co.*, 149 NLRB 1419, 1421 (1964), enfd. 350 F.2d 57 (10th Cir. 1965); *Lamar Hotel*, 140 NLRB 226, 229 (1962), enfd. 328 F.2d 600 (5th Cir. 1964), cert. denied 379 U.S. 817 (1964).[7]

### ORDER

The National Labor Relations Board orders that Google, LLC, Mountain View, California, and its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Failing and refusing to recognize and bargain with Alphabet Workers Union-Communication Workers of America, Local 9009 (the Union) as the exclusive collective-bargaining representative of the employees in the bargaining unit.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

> All full-time and regular part-time employees working remotely in the United States in the employer's Google Content Creation Operation, including employees in the following classifications: junior writer, launch coordinator, lead writer, process excellence specialist, senior QA

---

[7] The Charging Party's request for additional remedies is denied as the Board's traditional remedies are sufficient to remedy the unfair labor practice found herein. The request to overrule *Ex-Cell-O Corp.*, 185 NLRB 107 (1970) is denied for the reasons stated in *Longmont United Hospital*, 374 NLRB No. 52 (2026).

For the reasons stated in his dissent in *Longmont United Hospital*, supra, and in order to effectuate Sec. 10(c) of the Act, Member Prouty would grant the Charging Party's request to overrule *Ex-Cell-O Corp.*, 185 NLRB 107 (1970), and impose the additional remedies outlined in his dissent, including ordering the Respondent to make affected employees whole for any provable, reasonably quantifiable economic harm resulting from the Respondent's unlawful refusal to bargain. See *Longmont*, supra, slip op. at 2–5 (Member Prouty, dissenting). Member Prouty would also grant the Charging Party's request for a notice reading, and he would further order that the notice be distributed to employees before it is read, for the reasons stated in his concurrence

in *CP Anchorage Hotel 2 d/b/a Hilton Anchorage*, 371 NLRB No. 151 (2022), enfd. 98 F.4th 314 (D.C. Cir. 2024). While he reiterates his view that notice reading and distribution should be standard for all unfair labor practices found by the Board, he also notes that these remedies are particularly appropriate where, as here, employees have been deprived of the benefit of their chosen representative because of the Respondent's unlawful refusal to bargain. See *Longmont United Hospital*, supra, slip op. at 3 (Member Prouty dissenting) (contending that a notice reading is an appropriate remedy where an employer unlawfully refuses to bargain on grounds that it is challenging the union's certification). The remote nature of the bargaining unit does not obviate the need for this remedy: surely an employer in this industry would have the ability to conduct a notice reading by virtual means, and in any event the logistics of accomplishing the reading can be determined in the compliance phase. Finally, Member Prouty would grant the Charging Party's request that the notice also be mailed to employees.

4          DECISIONS OF THE NATIONAL LABOR RELATIONS BOARD

specialist, senior visual design analyst, senior writer, technical writer, and visual design analyst, but excluding temporary employees, seasonal employees, confidential employees, managers, guards, and supervisors as defined by the Act.

(b) Within 14 days after service by the Region, post at its facility in Mountain View, California, copies of the attached notice marked "Appendix."[8] Copies of the notice, on forms provided by the Regional Director for Region 20, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since October 11, 2024.

(c) Within 21 days after service by the Region, file with the Regional Director for Region 20 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C. April 8, 2026

_____
James R. Murphy,          Chairman

_____
David M. Prouty,          Member

_____
Scott A. Mayer,          Member

(SEAL)          NATIONAL LABOR RELATIONS BOARD

---

[8] If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the

APPENDIX
NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to recognize and bargain with Alphabet Workers Union-Communication Workers of America, Local 9009 (the Union) as the exclusive collective-bargaining representative of our employees in the bargaining unit.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, on request, bargain with the Union and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the following appropriate bargaining unit:

All full-time and regular part-time employees working remotely in the United States in the employer's Google Content Creation Operation, including employees in the following classifications: junior writer, launch coordinator, lead writer, process excellence specialist, senior QA specialist, senior visual design analyst, senior writer, technical writer, and visual design analyst, but excluding temporary employees, seasonal employees, confidential employees, managers, guards, and supervisors as defined by the Act.

GOOGLE, LLC

The Board's decision can be found at https://www.nlrb.gov/case/20-CA-353557 or by using the QR code below. Alternatively, you can obtain a copy of the decision from the Executive Secretary, National Labor

---

United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

ACCENTURE D/B/A ACCENTURE FLEX AND GOOGLE, LLC, AS JOINT EMPLOYERS    5

Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940



# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| **GOOGLE LLC**<br><br>    **Petitioner,**<br><br>**v.**<br><br>**NATIONAL LABOR RELATIONS  BOARD,**<br><br>    **Respondent.** | **Case No.** _____ |

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Petitioner Google LLC submits the following corporate disclosure statement:

Google LLC is a technology company alleged to be a joint employer with Accenture d/b/a Accenture Flex in the underlying proceedings.  Petitioner Google LLC has a parent corporation, Alphabet Inc., which holds 78.75% of its stock.

DATED: April 17, 2026    Respectfully submitted,

          */s/ Matthew J. Silveira*_____

          Aaron L. Agenbroad
          Matthew J. Silveira
          JONES DAY
          555 California Street, 26th Floor
          San Francisco, CA 94104
          Tel. (415) 875-5808
          Fax (415) 875-5700
          alagenbroad@jonesday.com
          msilveira@jonesday.com

Justin D. Martin
JONES DAY
600 Brickell Avenue
Miami, FL 33131
Tel. (305) 714-9700
Fax (305) 714-9799
jmartin@jonesday.com

*Counsel for Petitioner Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 17, 2026, I electronically filed the foregoing Petition for Review and Rule 26.1 Corporate Disclosure Statement with the Court's electronic filing system, and a true and correct copy of the foregoing documents, with attachment, was served by UPS overnight delivery and email on:

Ruth E. Burdick
Deputy Associate General Counsel
Appellate and Supreme Court Litigation Branch
National Labor Relations Board
1015 Half Street SE
Washington, DC 20570
ruth.burdick@nlrb.gov
appellatecourt@nlrb.gov

In addition, and in accordance with 29 C.F.R. § 101.14, petitioner will ensure that the Board receives, by service upon its Deputy Associate General Counsel of the Appellate Court Branch, a court-stamped copy of the petition with the date of filing.

I further hereby certify that on April 17, 2026, a true and correct copy of the foregoing Petition for Review, with attachment, was served by UPS overnight delivery and email on counsel for each other party admitted to participate in the agency proceedings:

David A. Rosenfeld
Caren P. Sencer
Weinberg, Roger & Rosenfeld
1375 55th Street
Emeryville, CA 94608
drosenfeld@unioncounsel.net
csencer@unioncounsel.net

Karla M. Campbell
Michael C. Iadevaia
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
kcampbell@stranchlaw.com
miadevaia@stranchlaw.com

Kris D. Meade
Ellen M. Dwyer
Glenn D. Grant
Crowell & Moring, LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
kmeade@crowell.com
edwyer@crowell.com
ggrant@crowell.com

/s/ Matthew J. Silveira
Matthew J. Silveira

12